[No. B008890. Second Dist., Div. Seven. Mar. 12, 1986.]

WILLIAM THOMAS DONOHUE, Plaintiff and Appellant, v.
THE STATE OF CALIFORNIA, Defendant and Respondent.

COUNSEL

Weinstein, Shelley & Proctor and Robert C. Proctor, Jr., for Plaintiff and Appellant.

John K. Van de Kamp, Attorney General, Richard D. Martland and Marvin Goldsmith, Assistant Attorneys General, Nelson Kempsky, Robert H. Francis and Barbara A. Noble, Deputy Attorneys General, for Defendant and Respondent.

OPINION

LILLIE, P. J.—Plaintiff William Donohue appeals from judgment entered against him and in favor of defendant State of California following the granting of defendant's motion for judgment on the pleadings.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff commenced an action to recover damages for personal injuries and property damage sustained when plaintiff's car was struck by a car driven by John Coronado, a minor, while Coronado was taking the driving portion of his examination for issuance of a California driver license. The complaint contained two causes of action. The second cause of action, directed against the State of California and Vickey Hadley, a driving examiner

employed by the Department of Motor Vehicles,[1] alleged: Defendants negligently instructed, directed and controlled Coronado in his driving examination and failed properly to supervise him in the performance of the examination; defendants further failed to keep a proper lookout for oncoming traffic and to warn Coronado of such traffic; as a direct and proximate result of defendants' negligence, the car driven by Coronado collided with plaintiff's car causing plaintiff to sustain personal injuries and damaging his car; prior to the filing of the complaint the State Board of Control rejected plaintiff's verified claim for damages sustained in the accident. Attached to the complaint, and incorporated therein by reference, was a copy of the claim which recited that agents, employees and representatives of the State of California, Department of Motor Vehicles, negligently performed their duties "so as to permit an uninsured motorist to take a driver's test" and drive upon a public street where such motorist caused a collision with plaintiff's vehicle.

Defendant State of California demurred generally to the second cause of action on the ground that the description of defendant's negligence set forth in the claim differs materially from the allegations of defendant's negligence contained in the complaint. The demurrer was overruled. Thereafter, in September 1979, defendant answered the complaint. In June 1983 defendant moved for judgment on the pleadings on the ground previously asserted in the demurrer. The motion was denied.[2] In September 1983 defendant moved for summary judgment or, in the alternative, for an order specifying that certain issues are without substantial controversy. The motion for summary judgment was denied but the court determined that nine of the fourteen issues listed by defendant are without substantial controversy.

On April 20, 1984, defendant again moved for judgment on the pleadings, repeating its argument that the action may not be maintained because the facts alleged in the complaint as a basis for defendant's liability were not set forth in plaintiff's claim. As additional grounds for the motion defendant contended it owed no duty to plaintiff and, in any event, is not liable under principles of sovereign immunity. On April 30, 1984, the motion was denied. On October 31, 1984, plaintiff's motion to amend the complaint was granted, and defendant's answer was deemed responsive to the amended

---

[1]The first cause of action was directed against Coronado and his father. Although the record does not so indicate, defendant in its brief states that such cause of action was dismissed.

[2]By order filed in August 1983 this court (Div. One), summarily and without opinion, denied defendant's petition for writ of prohibition or other extraordinary relief to require the trial court to set aside its order denying defendant's motion for judgment on the pleadings and to enter an order granting the motion. (*State of California* v. *Superior Court (Donohue)* 2 Civ. No. 69851.)

complaint. Defendant orally moved for judgment on the pleadings apparently on the grounds set forth in its April 30 motion. The motion was granted.

Plaintiff appeals from the ensuing judgment entered in favor of defendant and against plaintiff.

## DISCUSSION

### I

■ Before considering plaintiff's contentions, we note a point ignored by the parties. The notice of entry of judgment indicates that judgment was entered pursuant to the order granting defendant's motion for judgment on the pleadings, and plaintiff purports to appeal from such a judgment. The record contains no judgment; it contains only an order granting the motion. In view of the requirement that a clerk's transcript contain the judgment appealed from, whether or not designated by the parties (Cal. Rules of Court, rule 5(d)), it must be presumed that no judgment was prepared, signed and entered. However, plaintiff's attempt to appeal from a nonexistent judgment does not require dismissal of the appeal. The merits of the appeal have been fully briefed by both parties and no prejudice to defendant would result from considering the merits. Under these circumstances, "[t]o dismiss the appeal 'merely to have a judgment formally entered below with a new appeal would be a useless waste of judicial and litigant time.' [Citation.]" (*Dominguez* v. *City of Alhambra* (1981) 118 Cal.App.3d 237, 242 [173 Cal.Rptr. 345].) Accordingly, we order the trial court to enter, nunc pro tunc as of the date of the order granting defendant's motion for judgment on the pleadings, a judgment dismissing the action as to defendant (see Code Civ. Proc., §§ 581, subd. (c), 581d), and we then construe the notice of appeal to refer to such judgment. (*Ibid.*)

### II

■ Plaintiff contends that because the complaint was upheld as against a general demurrer and two motions for judgment on the pleadings, the trial court abused its discretion in granting defendant's third motion for judgment on the pleadings. We do not agree. "A motion for judgment on the pleadings may be made at any time either prior to the trial or at the trial itself. [Citation.] The motion may be made even when a general demurrer has been previously overruled. The interests of all parties are advanced by avoiding a trial and reversal for defect in pleadings. The objecting party is acting properly in raising the point at his first opportunity, by general demurrer. If the demurrer is erroneously overruled, he is acting properly in

raising the point again, at his next opportunity. If the trial judge made the former ruling himself, he is not bound by it. [Citation.] And, if the demurrer was overruled by a different judge, the trial judge is equally free to reexamine the sufficiency of the pleading. [Citations.]'' (*Ion Equipment Corp.* v. *Nelson* (1980) 110 Cal.App.3d 868, 877 [173 Cal.Rptr. 361].) In its first motion for judgment on the pleadings defendant argued that the action is barred because of the variance between plaintiff's claim and the allegations of the complaint. This court summarily denied defendant's petition for an extraordinary writ to require the trial court to set aside its order denying the motion and enter an order granting the motion (see fn. 2). ■ The summary denial, without opinion, of a petition for a writ is not res judicata. (*People* v. *Municipal Court (Marandola)* (1979) 97 Cal.App.3d 444, 447 [158 Cal.Rptr. 739].) Accordingly, the trial court was free to grant a later motion for judgment on the pleadings based in part on the ground asserted in the earlier motion.

■ Also without merit is plaintiff's contention that the trial court, after denying defendant's motion for judgment on the pleadings on April 30, 1984, acted contrary to law in reconsidering and granting the motion on October 31 absent compliance with Code of Civil Procedure section 1008.[3] "It is well established that a trial court retains jurisdiction and the discretion to hear a renewed motion after denying previously such a motion, notwithstanding the provisions of section 1008, or its predecessor, section 182." (*Strick* v. *Superior Court* (1983) 143 Cal.App.3d 916, 921 [192 Cal.Rptr. 314].)

■ Plaintiff further argues that because the trial court, in response to defendant's motion for summary judgment, refused to find that certain issues are without substantial controversy, there remained triable issues of fact and judgment on the pleadings therefore was precluded. This argument ignores the distinction between the respective functions of motion for summary judgment and motion for judgment on the pleadings. ■ The purpose of a summary judgment proceeding is to permit a party to show that material factual claims arising from the pleadings need not be tried because they are not in dispute. (*Andalon* v. *Superior Court* (1984) 162 Cal.App.3d

---

[3]Code of Civil Procedure section 1008 provides in pertinent part: "(a) When an application for an order has been made to a judge, or to the court, and refused in whole or in part . . ., any party affected by the order may, within ten (10) days after knowledge of the order and based upon an alleged different state of facts may [*sic*], make application to the same judge who made the order, to reconsider the matter and modify, amend or revoke the prior order. [¶] (b) When the party who originally made an application for an order which was refused in whole or part . . . makes a subsequent application for the same order upon an alleged different state of facts, it shall be shown by affidavit what application was made before, when and to what judge, what order or decision was made thereon, and what new facts are claimed to be shown. . . ."

600, 605 [208 Cal.Rptr. 899].) " 'The procedure for the entry of a summary judgment provides a method by which, if the pleadings are not defective, the court may determine whether the triable issues apparently raised by them are real or merely the product of adept pleading.' [Citation.]'' (*Pacific Architects Collaborative* v. *State of California* (1979) 100 Cal.App.3d 110, 118-119 [166 Cal.Rptr. 184].) ■ On the other hand a motion for judgment on the pleadings, like a general demurrer, challenges the sufficiency of a plaintiff's cause of action. (*Tiffany* v. *Sierra Sands Unified School Dist.* (1980) 103 Cal.App.3d 218, 224 [162 Cal.Rptr. 669].) Such a motion raises a legal, not a factual, issue (*Hospital Council of Northern Cal.* v. *Superior Court* (1973) 30 Cal.App.3d 331, 337-338 [106 Cal.Rptr. 247]) and that issue is simply whether the complaint states a cause of action. (*Goodley* v. *Wank & Wank, Inc.* (1976) 62 Cal.App.3d 389, 392-393 [133 Cal.Rptr. 83].) ■ Thus, regardless of the existence of triable issues of fact, the motion for judgment on the pleadings was properly granted if the complaint does not state a cause of action for any of the reasons set forth in the motion. (See *Longshore* v. *County of Ventura* (1979) 25 Cal.3d 14, 21 [157 Cal.Rptr. 706, 598 P.2d 866].)

### III

Defendant successfully moved for judgment on the pleadings on the ground, among others, that the complaint fails to state a cause of action because it alleges, as the basis of defendant's liability, facts not set forth in plaintiff's written claim presented to and rejected by the State Board of Control.

■ The filing of a proper claim pursuant to Government Code section 910[4] is a condition precedent to the maintenance of an action against the state for damages caused by tort. (See Gov. Code, §§ 905.2, 945.4; *City of San Jose* v. *Superior Court* (1974) 12 Cal.3d 447, 454 [115 Cal.Rptr. 797, 525 P.2d 701, 76 A.L.R.3d 1223]; *Bozaich* v. *State of California* (1973) 32 Cal.App.3d 688, 696 [108 Cal.Rptr. 392].) "If a plaintiff relies on more than one theory of recovery against the State, each cause of action must have been reflected in a timely claim. In addition, the factual circumstances set forth in the written claim must correspond with the facts alleged in the complaint; even if the claim were timely, the complaint is vulnerable to a demurrer if it alleges a factual basis for recovery which is not fairly reflected in the written claim." (*Nelson* v. *State of California* (1982) 139

---

[4]Section 910 requires that the claim show: the name and address of the claimant; the date, place and circumstances of the occurrence which gave rise to the claim; a general description of the injury, damage or loss incurred; the name or names of the public employee or employees who caused the injury, damage or loss, if known; and the amount of the claim. Section 910.2 requires the signature of the claimant.

Cal.App.3d 72, 79 [188 Cal.Rptr. 479]. See also *Lopez* v. *Southern Cal. Permanente Medical Group* (1981) 115 Cal.App.3d 673, 676-677 [171 Cal.Rptr. 527]; *Shelton* v. *Superior Court* (1976) 56 Cal.App.3d 66, 82-83 [128 Cal.Rptr. 454]; *Connelly* v. *State of California* (1970) 3 Cal.App.3d 744, 747, 753 [84 Cal.Rptr. 257].)

■ Plaintiff's verified claim, after setting forth his name and address, stated: "3. DATE AND PLACE OF ACCIDENT: The accident in question occurred on March 31, 1978 at 11:44 a.m. in the City of West Covina, County of Los Angeles, State of California. [¶] 4. GENERAL DESCRIPTION OF INJURIES: At the above time, place and date, agents, employees, and representatives of the State of California, Department of Motor Vehicles, so negligently, carelessly and recklessly managed, supervised, controlled and performed their duties so [*sic*] as to permit an uninsured motorist to take a driver's test thereby allowing said testee to drive upon a public street wherein said testee caused a collision with claimant's vehicle thereby causing severe personal injuries to claimant and nervous shock and disorder to claimant with resulting loss in income. [¶] 5. AMOUNT CLAIMED: $300,000 for general damages and all medical and related expenses." Plaintiff's complaint alleged that defendant "negligently and carelessly instructed, directed [and] controlled" Coronado in his driving examination, negligently failed properly to supervise him in the performance of his examination, and negligently failed to keep a proper lookout for, and warn Coronado of, oncoming traffic; as a result of defendant's negligence "or wrongful act or omission," the car driven by Coronado collided with plaintiff's car causing plaintiff to sustain personal injuries and damaging his car.

In *Connelly* v. *State of California, supra,* 3 Cal.App.3d 744, judgment of dismissal was affirmed as to causes of action alleging damage to property caused by negligent release of water from state-operated dams where a claim for damages filed with the State Board of Control alleged that state representatives negligently provided plaintiff with inaccurate information about the anticipated rise in a river. Said the court: "Appellant's claim presented to the State Board of Control alleged that his damages resulted from erroneous information regarding the anticipated rise in the level of the Sacramento River. No mention is made of negligence in the operation of the dams. Hence, in the light of the requirement (Gov. Code, § 910 et seq.) that an action of this character be preceded by a proper claim, the demurrer as to these causes of action was properly sustained without leave to amend." (3 Cal.App.3d at p. 753.) In *Nelson* v. *State of California, supra,* 139 Cal.App.3d 72, a prisoner presented a claim against the state for medical malpractice in failing to diagnose and treat his medical problems. In an action filed following denial of the claim, the amended complaint alleged that the state breached a duty owed to plaintiff to summon immediate and

competent medical attention. In affirming judgment of dismissal entered upon the sustaining of defendant's demurrer to the amended complaint without leave to amend, the court stated: "[T]he facts set forth in plaintiff's claim clearly do not correspond with the facts alleged in the amended complaint. . . . The claim does not recite that his injury was the result of a failure on the part of any employee to summon immediate and competent medical care, but was the 'result of the failure of the Department of Corrections to diagnose and treat or allow claimant to maintain his ongoing medications.'" (139 Cal.App.3d at p. 80.)

In the present case plaintiff's written claim asserts that defendant was negligent in permitting an uninsured motorist to take a driving test, whereas the complaint alleges that defendant was negligent in failing to instruct, direct and control the motorist in his driving examination. The act of permitting an uninsured motorist to take a driving test is not the factual equivalent of the failure to control or direct the motorist in the course of his examination. Thus, as in *Connelly* and *Nelson,* the factual basis for recovery alleged in the complaint is not reflected in plaintiff's claim filed with the State Board of Control. It follows that defendant's motion for judgment on the pleadings was properly granted.

Citing *Elias* v. *San Bernardino County Flood Control Dist.* (1977) 68 Cal.App.3d 70 [135 Cal.Rptr. 621], plaintiff argues that under the doctrine of substantial compliance his claim is sufficient to support this action. In *Elias* the court stated: "The primary function of the claims act is to apprise the governmental body of imminent legal action so that it may investigate and evaluate the claim and where appropriate, avoid litigation by settling meritorious claims. [Citations.] The act should not be applied to snare the unwary where its purpose has been satisfied [citations]; consequently courts employ a test of substantial rather than strict compliance in evaluating whether a plaintiff has met the demands of the claims act. [Citations.] *If the claim satisfies the purpose of the act without prejudice to the government, substantial compliance will be found.*" (68 Cal.App.3d at p. 74; italics added.) If plaintiff's claim had asserted that the accident was caused by defendant's negligence in failing to control and supervise the motorist in the course of his driving examination, defendant might have concluded that the claim had merit and might have settled without the necessity of a lawsuit. By presenting a claim wherein defendant's liability was predicated solely on its negligence in allowing an uninsured motorist to take a driving test, plaintiff thwarted the purpose of the claims act and forced defendant to defend a lawsuit based on an entirely different state of facts. Accordingly, there is no basis for application of the doctrine of substantial compliance in the present case.

■ Plaintiff notes that the State Board of Control could have given him written notice of any insufficiency in his claim and argues that the board's failure to do so resulted in the waiver of any defense as to the sufficiency of the claim. (Gov. Code, §§ 910.8, 911.)[5] The contention lacks merit. The insufficiency of plaintiff's claim lies in its failure to set forth the factual basis for recovery alleged in the complaint; defendant could not have discovered such defect until plaintiff filed his complaint. Defendant raised the defense of insufficiency of the claim at the earliest opportunity by demurring to the complaint on that ground.

## DISPOSITION

The trial court is directed to enter, nunc pro tunc as of October 31, 1984, a judgment dismissing the action as to defendant State of California. That judgment is affirmed.

Thompson, J., and Johnson, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 28, 1986.

---

[5]Government Code section 910.8: "If in the opinion of the board or the person designated by it a claim as presented fails to comply substantially with the requirements of Sections 910 and 910.2, or with the requirements of a form provided under Section 910.4 if a claim is presented pursuant thereto, the board or such person may, at any time within 20 days after the claim is presented, give written notice of its insufficiency, stating with particularity the defects or omissions therein. . . ."

Government Code section 911: "Any defense as to the sufficiency of the claim based upon a defect or omission in the claim as presented is waived by failure to give notice of insufficiency with respect to such defect or omission as provided in Section 910.8, except that no notice need be given and no waiver shall result when the claim as presented fails to state either an address to which the person presenting the claim desires notices to be sent or an address of the claimant."