[No. C005129. Third Dist. Nov. 17, 1988.]

FALL RIVER JOINT UNIFIED SCHOOL DISTRICT, Petitioner, v. THE SUPERIOR COURT OF SHASTA COUNTY, Respondent; TIMOTHY CLARK, a Minor, etc., Real Party in Interest.

**COUNSEL**

Halkides & Morgan, Arthur L. Morgan and John E. Hayashida for Petitioner.

No appearance for Respondent.

Fender, Clark & Fender and Lynn D. Fender for Real Party in Interest.

**OPINION**

**SPARKS, J.**—Petitioner Fall River Joint Unified School District (defendant) has been sued by real party in interest Timothy Clark (plaintiff) for injuries he incurred when the steel door of a building on the Fall River Junior-Senior High School campus struck his head. The complaint alleges three causes of action, each premised on a different factual theory. Defendant moved for judgment on the pleadings as to the third cause of action only. The basis of the motion is that the plaintiff failed to file a Government Code tort claim describing the facts giving rise to the alleged liability. The

superior court denied the motion, and defendant now seeks review by way of this petition for extraordinary relief. We shall grant the petition.

Government Code section 945.4 requires, as a prerequisite to maintenance of an action against a public entity for damages arising out of an alleged tort, the timely filing of a claim, and its rejection. Section 910 provides that the claim must include a general description of the injuries and the names of the public employees who caused them. ■ Furthermore, " 'If a plaintiff relies on more than one theory of recovery against the [governmental agency], each cause of action must have been reflected in a timely claim. In addition, the factual circumstances set forth in the written claim must correspond with the facts alleged in the complaint; even if the claim were timely, the complaint is vulnerable to a demurrer [or motion for judgment on the pleadings] if it alleges a factual basis for recovery which is not fairly reflected in the written claim.' (*Nelson* v. *State of California* (1982) 139 Cal.App.3d 72, 79 [188 Cal.Rptr. 479]. See also *Lopez* v. *Southern Cal. Permanente Medical Group* (1981) 115 Cal.App.3d 673, 676-677 [171 Cal.Rptr. 527].)" (*Donahue* v. *State of California* (1986) 178 Cal.App.3d 795, 802-803 [224 Cal.Rptr. 57].)

The written claim filed by plaintiff in this case is attached to his complaint as an exhibit. It describes the incident in which he was hurt as follows. " . . . On May 15, 1987, Timothy was entering one of the campus buildings when the door closed with sufficient force to slam Timothy's head against the steel door frame. At the time of the accident, the door was in a dangerous and defective condition for several reasons, including, but not limited to the fact, the door closed with excessive force." After defendant rejected this claim, plaintiff filed his original complaint, setting forth two causes of action. The first asserted defendant was liable for knowingly allowing a dangerous condition (i.e., the unsafe door) to exist on public property, and the second alleged negligence in the maintenance of school premises. Approximately eight months later an amended complaint was filed. It included a *third* cause of action. The new count, for the first time at any stage of the proceedings, premised a right to recover damages on the theory that school district personnel negligently failed to supervise students who were engaged in "dangerous horse-play," and that in the course of this play plaintiff fell in such a way that his head was caught between the door and the doorjamb.

It was this third cause of action which defendant challenged by its motion for judgment on the pleadings. Defendant sought dismissal of the new count for the reason that plaintiff's Government Code claim had not given notice of his hitherto unmentioned failure-to-supervise theory, and therefore the

third cause of action was barred by section 945.4. ▮▮▮ We agree with defendant that the denial of that motion was an abuse of discretion.

The third cause of action patently attempts to premise liability on an entirely different factual basis than what was set forth in the tort claim. Such a variance has been held fatal to a plaintiff's pleading in several analogous cases. In *Donahue* v. *State of California, supra,* an order granting judgment on the pleadings was upheld in a case where the plaintiff sued for damages incurred when his automobile was involved in an accident with one driven by a minor taking his driver's license test. The tort claim filed with the Department of Motor Vehicles alleged that the agency was negligent in permitting an uninsured driver to take the test. However, the civil complaint asserted that the department's employee who conducted the test failed to instruct, direct and control the driver in the operation of his vehicle. (178 Cal.App.3d at p. 804.) The court reasonably concluded that "permitting an uninsured motorist to take a driving test is not the factual equivalent of the failure to control or direct the motorist in the course of his examination." (*Ibid.*) The parallel between *Donahue* and the present action is self evident. It cannot be argued seriously that negligently maintaining an unsafe structural or mechanical condition, the purportedly dangerous door, is the "factual equivalent" of failing to halt forbidden student horse play.

Other courts which have confronted similar issues, albeit in distinguishable factual settings, support the result reached in *Donahue.* For example, in *Nelson* v. *State of California, supra,* 139 Cal.App.3d 72, a claim for medical malpractice which alleged a failure to diagnose and treat was found insufficient to support a civil complaint which sought damages for not seeking competent assistance. (139 Cal.App.3d at p. 80.) Additional authorities which buttress defendant's position in this case are *Lopez* v. *Southern Cal. Permanente Medical Group, supra,* 115 Cal.App.3d at pp. 676-677; *Shelton* v. *Superior Court* (1976) 56 Cal.App.3d 66, 82-83 [128 Cal.Rptr. 454]; and *Connelly* v. *State of California* (1970) 3 Cal.App.3d 744, 752-753 [84 Cal.Rptr. 257].

In an effort to save their third cause of action, plaintiff relies upon a judicially formulated "substantial compliance" exception to the strict claims requirement. (See *Elias* v. *San Bernardino County Flood Control Dist.* (1977) 68 Cal.App.3d 70 [135 Cal.Rptr. 621].) ▮▮▮ However, as pointed out by the *Donahue* court, such an argument is unavailing where the plaintiff seeks to impose upon the defendant public entity the obligation to defend a lawsuit based upon a set of facts entirely different from those first noticed. Such an obvious subversion of the purposes of the claims act, which is intended to give the governmental agency an opportunity to inves-

tigate and evaluate its potential liability, is unsupportable. (178 Cal.App.3d at p. 804.) █ Here, defendant was given no warning that it might be sued for its employee's failure to supervise plaintiff and his fellow students, and had no opportunity to consider the validity of such a claim until the filing of the amended complaint. Accordingly, insofar as his third cause of action is concerned, plaintiff did not even rise to the level of minimal, much less substantial, compliance with the claim filing prerequisites.

█ Having so concluded, we briefly address, and dispose of, several additional arguments included in plaintiff's opposition filed in this court. He first contends the petition must be rejected because it is verified only on information and belief. In this case, that deficiency is not necessarily fatal. "Although a verification on information and belief is hearsay and cannot by itself serve as the basis for issuance of a writ (*Star Motors Imports, Inc.* v. *Superior Court* (1979) 88 Cal.App.3d 201, 204 [151 Cal.Rptr. 721] . . .), petitioner has otherwise supplied a sufficient record of the underlying facts and trial court proceedings to enable us to review the denial of the . . . [motion for judgment on the pleadings] . . . ." (*Pacific Gas & Electric Co.* v. *Superior Court* (1983) 145 Cal.App.3d 253, 255, fn. 1 [193 Cal.Rptr. 336].) Hence, we need not rely on factual allegations in the petition to determine the merits of the case and may proceed despite the arguably defective verification. (*Ibid.*) The issue presented is purely one of law, and the only "facts" we need be informed of for its adjudication are the contents of his claim and first amended complaint, the grounds of defendant's motion and the counter arguments presented in the trial court, and what action the court took on that motion. All these have been furnished as exhibits to the petition.

Defendant also argues that it is entitled to the exemption granted school districts and other governmental entities from verification of their complaints and answers by Code of Civil Procedure section 446. While we can find no case in which section 446 has actually been applied to a public agency's petition for an extraordinary writ, at least one treatise seems to presume that it is applicable. (See Cal. Civil Writ Practice (Cont.Ed.Bar 1987) § 7.41, p. 291.) For present purposes, we find it unnecessary to resolve the question in light of our reasoning in the preceding paragraph.

Finally, plaintiff again attempts to fill in gaps in his pleadings after the appropriate time to state his case has passed by raising variety of issues not argued in the superior court. Specifically, he contends that he is excused from the claim filing requirement by virtue of defendant's alleged failure to comply with Government Code section 946.4, which requires the filing of an information statement with the Secretary of State and county clerk

containing specified information; that defendant is estopped from challenging the negligent supervision cause of action; and that any defect in the claim has been waived by defendant's failure to notify plaintiff of the deficiency pursuant to section 910.8. While even a cursory consideration of these points casts serious doubt on their merit, we shall not entertain them in any event. ■ Since none of these contentions was presented in the trial court, and the declarations and other exhibits filed in support of them were not before the superior court, we cannot consider them in this proceeding. (*Mosby* v. *Superior Court* (1974) 43 Cal.App.3d 219, 228 [117 Cal.Rptr. 588]; and see *Mission Imports, Inc.* v. *Superior Court* (1982) 31 Cal.3d 921, 927, fn. 5 [184 Cal.Rptr. 296, 647 P.2d 1075]; *Winton* v. *Municipal Court* (1975) 48 Cal.App.3d 228, 237 [121 Cal.Rptr. 561].)

We have complied with the procedural requirements for issuance of a peremptory writ in the first instance. (See *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893].) Let a writ of mandate issue directing respondent superior court to vacate its order denying petitioner's motion for judgment on the pleadings, and enter a new and different order granting that motion.

Carr, Acting P. J., and Sims, J., concurred.