[No. C007671. Third Dist. Jan. 30, 1990.]

CLAYTON EDWARD BLAIR, Petitioner, v.
THE SUPERIOR COURT OF SHASTA COUNTY, Respondent;
DEPARTMENT OF TRANSPORTATION, Real Party in Interest.

**COUNSEL**

Barr, Newlan & Sinclair and John D. Barr for Petitioner.

No appearance for Respondent.

Joseph A. Montoya, Ronald I. Harrison, George L. Cory, Breland C. Gowan and Kathleen Duggan Calder for Real Party in Interest.

## OPINION

**BLEASE, Acting P. J.**—Petitioner (plaintiff) commenced an action pursuant to the Tort Claims Act (Gov. Code, § 810 et seq.) to recover damages for injuries suffered in an automobile accident. Real party in interest (defendant) Department of Transportation moved to strike portions of plaintiff's first amended complaint on the ground the challenged allegations predicated liability on facts different from those set forth in the claim plaintiff submitted to the State Board of Control. The superior court granted the motion, and plaintiff now asks for extraordinary relief. We shall issue a writ of mandate directing that the trial court vacate its order granting defendant's motion to strike.

### FACTS

Plaintiff, a passenger in a pickup truck, was injured in an accident which occurred when the driver lost control on State Route 44 in Shasta County on December 22, 1985, and the vehicle left the highway and collided with a tree. Government Code section 945.4 requires the filing of a claim that meets the requirements of section 910 as a prerequisite to an action in tort against a state agency. (*Fall River Joint Unified School Dist.* v. *Superior Court* (1988) 206 Cal.App.3d 431, 434 [253 Cal.Rptr. 587].)

Plaintiff filed a timely claim on a form supplied for that purpose by the State Board of Control. The form includes questions about the incident giving rise to the governmental agency's alleged liability. Question No. 3 asks: "How did the damage or injury occur? (Give full details)." Plaintiff responded: "Claimant was riding in a 1986 Nissan pick up being driven by Lori Blair, going east, on a downgrade. Highway was iced over, car went out of control and collided with a tree." Question No. 4 asks: "What particular act or omission on the part of state officers, servants or employees caused the injury or damage?" Plaintiff answered: "Negligent maintenance and construction of highway surface. Failure to sand and care for highway for safetyness of automobile transportation." The claim was rejected by the Board of Control and plaintiff commenced this lawsuit.

### DISCUSSION

When a civil action is brought following denial of a government tort claim "the written claim must correspond with the facts alleged in the

complaint; even if the claim were timely, the complaint is vulnerable to a demurrer if it alleges a factual basis for recovery which is not fairly reflected in the written claim." (*Nelson* v. *State of California* (1982) 139 Cal.App.3d 72, 79 [188 Cal.Rptr. 479] [citations omitted]; see also *Fall River Joint Unified School Dist.* v. *Superior Court, supra*, 206 Cal.App.3d at p. 434; *Lopez* v. *Southern Cal. Permanente Medical Group* (1981) 115 Cal.App.3d 673, 676-677 [171 Cal.Rptr. 527].) ▆ Defendant moved to strike portions of paragraphs 5 and 6 of the first amended complaint, contending that the challenged allegations go beyond the facts described in the claim form. The text of the paragraphs with the challenged portions italicized, reads as follows: "5. At that time and place, State Route 44 and the property adjoining it was in a dangerous and defective condition *for a number of reasons including, but not limited to*, the following: ice had accumulated on the roadway under circumstances where there was no warning and where no precautions or remedies had been taken therefor, although Defendant CAL TRANS had actual notice of the accumulation of ice in time to take adequate precautions; *and, in addition, at that point, the roadway crosses a stream over a culvert or bridge requiring guard rails where there was no guard rail; in addition, the slope of the road is such that a vehicle striking ice is carried off the road causing it to strike adjacent roadside barriers including large trees that have been left close to the road also without a guard rail.* [¶] *6. No warning signs were in place nor any other device designed to either advise the traveling public of danger or ameliorate that danger.*"

According to defendant, the sole theory of legal cause of the accident asserted in the claim is the state's failure to prevent or remedy the accumulation of ice on the highway. Therefore, defendant argues, the allegations in the complaint relating to the lack of guard rails, slope of the road, and failure to warn must be stricken as matter not asserted in the claim. We disagree. We do not read the claim so narrowly nor do we think the law requires that the claim contain the degree of specificity defendant would have us enforce.

We begin with the relevant statutes. Government Code section 945.4, as previously noted, simply states that no action may be commenced unless a claim which satisfies section 910 has been submitted and denied. Section 910 prescribes the information that the claim must contain. As pertinent here, the statute requires that the claimant set forth: "(c) The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted. [¶] (d) A general description of the . . . injury, damage or loss incurred . . . . [¶] (e) The name or names of the public employee or employees causing the injury . . . if known." ▆ As long as these general elements are present, it is not necessary that the claim comply with formal pleading standards. (*Loehr* v. *Ventura County Community College*

*District* (1983) 147 Cal.App.3d 1071, 1082 [195 Cal.Rptr. 576].) The purpose of the claim is to present sufficient detail "to reasonably enable the public entity to make an adequate investigation of the merits of the claim and to settle it without the expense of a lawsuit." (*City of San Jose* v. *Superior Court* (1974) 12 Cal.3d 447, 456 [115 Cal.Rptr. 797, 525 P.2d 701, 76 A.L.R.3d 1223]; and see *Loehr* v. *Ventura County Community College Dist., supra*, at p. 1083.)

It is clear that plaintiff's claim meets the minimum requirements of Government Code section 910. It set forth the date, place, and circumstances of the accident. It does more, in response to the questions on the claim form. It is this surplusage which is at the core of the defendant's motion. It seeks to take advantage of the fact the Board of Control form requests more information than the statute requires. The form asks that the claimant state the "particular act or omission on the part of state officers" which is alleged to have caused the injury or damage. Such detail is not required by the Government Code. Indeed, if the claim form had not included question No. 4, or if plaintiff had simply left it blank, the information provided in response to the remaining questions would have satisfied the Government Code's demands. While an allegation as to the legal cause of an accident may be an element of the tort which must be pled in a complaint, section 910 does not impose upon an injured claimant an obligation to include it in the claim. Nor does the Board of Control, in its role of administering the Tort Claims Act, have authority to amend, modify, or enlarge upon the provisions of the statutory scheme. (Cf. *Knudsen Creamery Co.* v. *Brock* (1951) 37 Cal.2d 485, 492 [234 P.2d 26]; *Stockton Kenworth, Inc.* v. *State Bd. of Equalization* (1984) 157 Cal.App.3d. 334, 337-338 [203 Cal.Rptr. 698].)

Even if we assume that plaintiff's response to question No. 4 is material to the permissible scope of the complaint, any variance between the complaint and claim does not approach that present in the cases relied upon by defendant. In the most recent case, *Fall River Unified School District* v. *Superior Court, supra*, 206 Cal.App.3d 431, the claim asserted the plaintiff's injury was the result of a defective door but the complaint added a count based on the failure of school personnel to supervise students. (206 Cal.App.3d at p. 434.) Similarly, in *Donohue* v. *State of California* (1986) 178 Cal.App.3d 795, 803-804 [224 Cal.Rptr. 57], the claim was premised on the theory that the Department of Motor Vehicles negligently permitted an uninsured driver to take a licensing test but the complaint alleged that the testing officer failed to use due care in directing the operation of the vehicle. *Nelson* v. *State of California, supra*, 139 Cal.App.3d 72, involved a medical malpractice occurrence. The claim alleged negligence in the diagnosis and treatment but the complaint added an allegation charging defendants with

wrongfully failing to seek assistance from medical professionals possessing needed expertise. (139 Cal.App.3d at p. 80.) The plaintiff in *Connelly* v. *State of California* (1970) 3 Cal.App.3d 744 [84 Cal.Rptr. 257] sought to recover for damage to his property caused by floodwaters. The claim alleged that state water agencies provided incorrect information about the expected river flows. However, the complaint alleged that the state was negligent in the operation of its dams. A final example of the type of fatal divergence between claim and complaint is *Lopez* v. *Southern Cal. Permanente Medical Group* (1981) 115 Cal.App.3d 673 [171 Cal.Rptr. 527]. There, the claim stated that the defendant agency was derelict in issuing a driver's license to a person with epilepsy. But the complaint premised recovery on the ground the state should have revoked the driver's license for failure of the licensee to comply with the financial responsibility laws.

It is apparent that in each of the decisions the plaintiff did not merely elaborate or add further detail to a claim which was predicated on the same fundamental facts set forth in the complaint. Rather, there was a complete shift in allegations, usually involving an effort to premise civil liability on acts or omissions committed at different times or by different persons than those described in the claim. In contrast, the claim and the complaint in this action are premised on essentially the same foundation, that because of its negligent construction or maintenance, the highway at the scene of the accident constituted a dangerous condition of public property. (See Gov. Code, § 830 et seq.) The state takes the position that the sole basis for recovery in the claim is negligence in failing to sand or otherwise care for the highway so as to prevent the accumulation of ice. This is patently incorrect. The claim is not limited to that defect. This is evidenced by the first sentence of plaintiff's answer to question No. 4. It generally asserts negligence in the construction and general maintenance of the highway. The second sentence refers to the problem of ice as a discrete basis for liability.

We are persuaded that plaintiff's claim is sufficient to support the allegations of paragraphs 5 and 6 of the amended complaint. A charge of negligent construction may reasonably be read to encompass defects in the placement of highway guard rails, slope of the road, presence of hazards adjacent to the roadway or inadequate warning signs. The trial court hinged its decision in part on the fact that plaintiff's claim of negligent construction and maintenance uses the phrase "of highway surface." The word "surface" was apparently read as precluding plaintiff from presenting evidence of flaws beyond the icy condition of the pavement itself. In view of the policies served by the claims statute, such a crabbed construction of the language of the claim is not warranted. When the claim is read as a whole, and particularly when the words "negligent construction" are considered, we do not

construe it as limited to the state's failure to remedy the problem of ice buildup.

Having advised the parties that we were considering issuing a peremptory writ of mandate in the first instance, and having afforded defendant and respondent an opportunity to submit opposition to our doing so, we are authorized to grant the requested relief forthwith. (See *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893].) Let a peremptory writ of mandate issue directing respondent superior court to vacate its order granting defendant's motion to strike, and enter a new order denying that motion.

Carr, J., and Marler, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied April 19, 1990.