Filed 6/6/14  Zainalizadeh v. City of Mill Valley CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| MOHTARAM MOTI ZAINALIZADEH,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>CITY OF MILL VALLEY,<br><br>        Defendant and Respondent. | A137824<br><br>(Marin County<br>Super. Ct. No. CIV 1201091) |

## I.  INTRODUCTION

Mohtaram Moti Zainalizadeh (appellant) filed a complaint against the City of Mill Valley (the City), alleging an unspecified intentional tort.  The trial court sustained two demurrers by the City, the second without leave to amend, finding that appellant failed to allege facts sufficient to state a cause of action against the City.  In this appeal from the judgment, appellant, who has acted in pro per throughout this litigation, does not dispute that the City's demurrer to her amended complaint was properly sustained, but she does contend that the trial court erred by denying her leave to amend.  We reject this contention and affirm the judgment.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

On March 6, 2012,[1] appellant filed a form complaint alleging that the City committed an "Intentional Tort," and prayed for compensatory and punitive damages in the amount of $5 million.  She checked boxes on the form complaint to allege that she

---

[1]  Unless otherwise stated all date references are to the 2012 calendar year.

suffered damages for hospital and medical expenses, property damage, and loss of earning capacity. Under the heading "Other damage," appellant added allegations that she suffered invasion of privacy, mental and emotional distress, humiliation, and disability discrimination. Appellant also checked a box to indicate that she "has complied with applicable claims statutes." But the complaint did not set forth any allegations about when, where, or via whom the alleged "intentional tort" occurred.

On May 2, the City filed a demurrer to the complaint on the grounds that appellant failed to state facts sufficient to state a cause of action (Code Civ. Proc., § 430.10, subd. (e)), and that the complaint was uncertain (Code Civ. Proc., § 430.10, subd. (f)). The City also moved to strike appellant's request for punitive damages on the ground that a public entity is immune from a claim for punitive damages. (See Gov. Code, § 818.)

On July 27, appellant filed a pleading with the handwritten title "Answer" written above a typed caption which stated "All Causes of Action/Intentional Torts." That Answer may have been intended as an opposition to the City's demurrer, but it is extremely confusing and often incoherent. For example, appellant referred to non-existent statutes, including "Gov. Penal Code 637.5." She also invoked a variety of legal terms (including perjury, discrimination, invasion of privacy and fraud) without providing any factual nexus.

Appellant attached several exhibits to her Answer, many of which contain indecipherable handwritten passages. She described Exhibit A to her Answer as a copy of her "Original Claim Form against the City." That three-page exhibit consists of two versions of what appears to be a standard form for making a claim against the City. The forms were completed mostly in handwriting and signed by appellant. According to the information provided, appellant was apparently complaining about an incident that occurred on the morning of July 11, 2011. Appellant was taking a shower at the Mill Valley Recreation Center when a manager at the center and two male police officers entered the shower area, accused her of violating a three-minute time limit for taking showers, and directed her to leave the facility. Appellant stated that she is a "Muslim

2

woman" and complained that the treatment she received invaded her privacy and violated her civil and constitutional rights.

The City filed a reply brief in support of its demurrer in which it outlined four distinct deficiencies in the complaint: that it (1) did not state facts showing compliance with the claim filing requirements of the Government Claims Act (Gov. Code, § 945.4); (2) did not state a statutory basis for liability (Gov. Code, § 815, subd. (a)); (3) did not allege any facts (Code Civ. Proc., § 425.10); and (4) was uncertain (Code Civ. Proc., § 430.10, subd. (f)). The City also argued that appellant's "Answer" failed to address any of the issues raised by the demurrer, and pointed out that no facts pertaining to the incident described in that Answer were actually alleged in the complaint itself.

On August 24, the trial court held a hearing on the City's demurrer. Appellant failed to appear or contest the court's tentative rulings, which sustained the demurrer with leave to amend and granted the motion to strike without leave to amend. Therefore, the court adopted its tentative rulings as final and formalized them in a September 4 order which stated: "Plaintiff fails to allege facts showing compliance with the Tort Claims Act. Plaintiff also fails to allege facts sufficient to state any cause(s) of action against Defendant. [¶] . . . Plaintiff may not seek punitive damages against Defendant. (Gov. Code, § 818.)"

On September 4, appellant filed an amended complaint. In addition to restating her claim for an "Intentional Tort," appellant attempted to add a cause of action by checking a box on the complaint for alleging "Premises Liability." She also reduced her damages claim from $5 million to $3.5 million and deleted her prayer for punitive damages. Appellant did not, however, amend her complaint to add any substantive factual allegations regarding the nature or basis of the claim(s) she purported to allege.

On September 17, the City demurred to the amended complaint, arguing appellant had again failed to (1) "state *facts* showing the timely filing of a claim [under the Tort Claims Act] and its rejection" (2) "allege a statutory basis for liability," and (3) " allege any facts whatsoever, let alone any facts to state a cause of action against the CITY."

3

Appellant filed no opposition to the demurrer. However, in her October 29 "Case Management Statement" appellant included this statement: "Plaintiff did amend the Complaint & since all my US mails are either on hold or disrespectfully opened or is stolen, therefore I am not in charge or in time for my legal communications or any other written communication!"

On December 14, the court held a hearing on the City's demurrer to the amended complaint. Appellant appeared and was provided with a copy of the court's tentative ruling which sustained the City's demurrer without leave to amend for the following reasons:

"In this first amended complaint, plaintiff fails to: [¶] (1) Present facts showing plaintiff's compliance with Government Code Section 945.4. No facts were provided to show that the claim was timely filed or that such claim was rejected—such facts being prerequisites to move forward with an action against City. [¶] (2) Allege facts sufficient to state a cause of action against City, including failing to state with particularity any fact related to a statutory basis for liability. [¶] (3) Present any fact related to either of the causes of action for intentional tort and for premises liability, resulting in an ambiguous, uncertain first amended complaint. (Code of Civil Procedure section 430.10(f)."

Although appellant appeared at the December 14 hearing, she did not request argument. Accordingly, the court affirmed and made final its tentative ruling sustaining the demurrer without leave to amend.

On December 19, the court filed a formal order sustaining the City's demurrer to appellant's amended complaint. The core portion of that order reads: "Plaintiff, despite being provided with leave to amend after this Court sustained Defendant's demurrer to her original complaint, again filed a complaint that fails to contain any facts to support any cause of action against the CITY. It is apparent that plaintiff will not be capable of curing the defects in the First Amended Complaint if provided leave to amend again, and, therefore, the demurrer is sustained, without leave to amend."

On February 1, 2013, appellant filed a notice of appeal from the judgment.

4

# III.  DISCUSSION

" 'A demurrer tests the legal sufficiency of the complaint, and the granting of leave to amend involves the trial court's discretion.  Therefore, an appellate court employs two separate standards of review on appeal.  [Citations.]  First, the complaint is reviewed de novo to determine whether it contains sufficient facts to state a cause of action.  [Citation.]  In doing so, we accept as true the properly pleaded material factual allegations of the complaint, together with facts that may be properly judicially noticed.  Reversible error exits only if facts were alleged showing entitlement to relief under any possible legal theory.  [Citations.]  Second, where the demurrer is sustained without leave to amend, reviewing courts determine whether the trial court abused its discretion in doing so.  [Citations.]  On review of the trial court's refusal to grant leave to amend, we will only reverse for abuse of discretion if we determine there is a reasonable possibility the pleading can be cured by amendment.  Otherwise, the trial court's decision will be affirmed for lack of abuse.  [Citations.]' " (*G.L. Mezzetta v. City of American Canyon* (2000) 78 Cal.App.4th 1087, 1091-1092; see also *Hernandez v. City of Pomona* (1996) 49 Cal.App.4th 1492, 1497-1498.)

In this case, appellant concedes that her amended complaint did not allege sufficient facts to state a cause of action against the City or, indeed, any concrete facts at all.  Thus, we focus on the second step of appellate review, whether the trial court abused its discretion by denying appellant leave to amend.

Appellant bears the burden on appeal of proving the trial court abused its discretion by denying her leave to amend.  (*Kong v. City of Hawaiian Gardens Redevelopment Agency* (2002) 108 Cal.App.4th 1028, 1038; *Montclair Parkowners Assn. v. City of Montclair* (1999) 76 Cal.App.4th 784, 790.)  To meet that burden, she must "demonstrate the manner in which the complaint might be amended." (*Hendy v. Losse* (1991) 54 Cal.3d 723, 742; see also *Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126; *Maxton v. Western States Metals* (2012) 203 Cal.App.4th 81, 95.)  Despite

her pro per status, appellant is held to the same standard as a party who is represented by counsel. (*Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543.)[2]

In her briefs to us, appellant contends the superior court abused its discretion by denying her leave to amend because she "did, in fact, demonstrate compliance with the [Government Claims] Act" during the superior court proceedings by checking the appropriate box on her form complaint and "lodging a copy" of her tort claim against the City with the superior court. In making this argument, appellant concedes that she did not meet her burden of pleading compliance with the Government Claims Act, but she contends that she did not previously understand that she had to make that showing "within the four corners of the complaint." Therefore, appellant submits that she should be "given an opportunity to amend with express instructions to plead facts demonstrating Compliance with the Tort Claims Act in furtherance of justice."

First, appellant's contention that she did not know she had to plead facts to show compliance with the Government Tort Claims Act is contradicted by the appellate record which shows that she was expressly advised of that fact by both the City and the trial court and that she was afforded the opportunity to amend her complaint for that precise reason.

Second, by relying solely on the fact that she lodged a copy of her claim against the City with the superior court, appellant fails to adequately address or even acknowledge the extent of the deficiencies in her amended complaint. "Government Code section 945.4 requires, as a prerequisite to maintenance of an action against a public entity for damages arising out of an alleged tort, the timely filing of a claim, and its rejection. Section 910 provides that the claim must include a general description of the injuries and the names of the public employees who caused them. Furthermore, 'If a plaintiff relies on more than one theory of recovery against the [governmental agency],

---

[2] Appellant's Opening and Reply briefs were allegedly prepared by appellant in pro per, but their form and wording clearly suggest some authorship or significant input and editing by someone with a legal background. Indeed, appellant acknowledged as much at oral argument before this court.

each cause of action must have been reflected in a timely claim.  In addition, the factual circumstances set forth in the written claim must correspond with the facts alleged in the complaint; even if the claim were timely, the complaint is vulnerable to a demurrer [or motion for judgment on the pleadings] if it alleges a factual basis for recovery which is not fairly reflected in the written claim.'  [Citations.]"  (*Fall River Joint Unified School Dist. v. Superior Court* (1988) 206 Cal.App.3d 431, 434.)

Furthermore, "[u]nder the California Tort Claims Act (Gov. Code, § 810 et seq.), 'a public entity is not liable for injury arising from an act or omission except as provided by statute.  [Citations.]'  [Citation.]  Thus, in California, 'all government tort liability must be based on statute [citation].'  [Citation.]"  (*Hoff v. Vacaville Unified School Dist.* (1998) 19 Cal.4th 925, 932, fn. omitted; see also *Creason v. Department of Health Services* (1998) 18 Cal.4th 623, 630-631.)  And, because "all liability under the Government Claims Act is statutory, the rule that statutory causes of action must be specifically pleaded applies."  (4 Witkin, Cal. Procedure (5th ed. 2008) § 617, p. 748-749.)  "Every fact essential to the existence of statutory liability must be pleaded. [Citations.]"  (*Susman v. City of Los Angeles* (1969) 269 Cal.App.2d 803, 809.)

Third, appellant fails to demonstrate that she can amend her complaint to comply with these exacting requirements.  In her opening brief, she argues only that the documentation attached to her Answer shows that a tort claim was "received by the City and subsequently lodged with the court."  In her reply brief, appellant adds the contention that her trial court evidence shows that she can allege facts supporting her claims, including that she is "a Muslim woman," and that " City officials discriminated against her."

But these allegations are not sufficient to demonstrate "in what manner" appellant can amend her complaint and "how that amendment will change the legal effect of [her] pleading."  (*Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349.)  They do not establish (1) the timely filing of a claim and its rejection; (2) a statutory basis for imposing liability on the City; or (3) every fact essential to establish the existence of the City's statutory liability.

Finally, appellant cannot satisfy her burden on appeal by referring this court to the documentation she attached to a non-responsive pleading that she filed in the trial court. As noted in our factual summary above, appellant's "Answer" (which she asks us to rely on) is confusing and not fully coherent. "[I]t is not up to the court to figure out how a complaint can be amended; rather, the burden is on the plaintiff to show the manner in which he can amend, and how that amendment will cure the defect." (*McKelvey v. Boeing North American, Inc*. (1999) 74 Cal.App.4th 151, 161, superseded in part on other ground as stated in *Grisham v. Philip Morris U.S.A., Inc*. (2007) 40 Cal.4th 623, 637.) Here, appellant has not carried that burden.

In the lower court, appellant failed to state a cause of action against the City despite the fact that the deficiencies in her original pleading were specified to her and she was afforded an opportunity to amend. On appeal, appellant has failed to demonstrate to this court that there is a reasonable probability that her pleading can be cured by amendment. Therefore, the trial court did not abuse its discretion by denying appellant leave to amend her complaint for a second time.

## IV.  DISPOSITION

The judgment is affirmed.

                                                   _____

                                                   Kline, P.J.

We concur:

_____

Richman, J.

_____

Brick, J.*

       * Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.