Filed 6/20/23  Kramer v. Accuride Internat. CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| ANN MARIE KRAMER, | B320283 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. VC066075) |
| v. | |
| ACCURIDE INTERNATIONAL, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Olivia Rosales, Judge. Affirmed.

Pearman Law Corporation, Kim H. Pearman and Garo Hagopian for Plaintiff and Appellant.

CE Smith Law Firm and Clifton E. Smith for Defendant and Respondent.

## INTRODUCTION

Ann Marie Kramer's complaint was dismissed without prejudice for failure to appear in the action. After an unexplained delay of almost three years, Kramer moved to set aside the dismissal. The trial court denied that motion. Kramer then moved for reconsideration, and the court denied that motion as well. Her sole argument on appeal is the trial court abused its discretion by denying her motion for reconsideration of the order denying her motion to set aside the dismissal of her complaint without prejudice. Finding no abuse of discretion, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 20, 2017, Kramer filed a complaint for wrongful termination against Accuride International (Accuride). On January 11, 2019, the court issued a minute order dismissing the action without prejudice based on Kramer's failure to appear, without good cause, at the hearing on the court's order to show cause regarding dismissal.

Almost three years later, on October 29, 2021, Kramer moved to set aside the dismissal without prejudice.[1] In support of the motion, Kramer's counsel declared that in 2018, his wife died of cancer and he was battling his own health issues, including the removal of his gall bladder. He further declared, however, that during this time, he "still maintained his law offices and his staff but he had to retain outside counsel to make appearances for him

---

[1]     Kramer also filed a motion to set aside the dismissal without prejudice a few months earlier on June 30, 2021, but according to Accuride, Kramer withdrew the motion without explanation.

and help with his calendar" and "[f]or some reason this matter was not calendared by [his] employees and was not scheduled in [his] calendar." Accuride opposed the motion, arguing the motion was untimely under Code of Civil Procedure section 473, subdivision (b), because it was filed more than six months after the dismissal was entered.[2] Alternatively, Accuride argued the motion should be denied because Kramer failed to show excusable neglect for her failure to appear for nearly three years.

Following a hearing on the motion, the trial court denied Kramer's motion to set aside the dismissal, concluding the motion was time-barred: "The [m]otion is untimely under [section] 473, [subdivision] (b). The dismissal was entered on January 22, 2019. This [m]otion was filed well beyond six months of that date."

Kramer then filed a motion for reconsideration of the trial court's order denying her motion to set aside the dismissal under section 1008.[3] Kramer argued, for the first time, that although she filed the motion to set aside the dismissal more than six

_____

[2]     All further undesignated references are to the Code of Civil Procedure. Section 473, subdivision (b), provides, in relevant part: "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. Application for this relief shall be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, and shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken."

[3]     Section 1008, subdivision (a), provides, in relevant part: An application for reconsideration of a prior order must be based on "new or different facts, circumstances, or law."

months after dismissal was entered, the trial court should have granted relief on equitable grounds, specifically "extrinsic mistake." She argued the "extrinsic mistake" was her counsel's excusable neglect. Kramer's counsel attached a declaration, which again explained his medical issues in 2017 and 2018 (like his previous declaration), and also included a description of his hospitalizations in 2019 for gastrointestinal problems, and stated he had been battling cancer since 2009. He again declared, however, that he still maintained his law office and staff, and retained outside counsel to make appearances and help with his calendar, but "[f]or some reason this matter had not been scheduled in the calendar." Kramer also attached a declaration of her counsel's treating physician, who declared he had been treating Kramer's counsel for cancer and the "treatment will require some absences from his practice."

The trial court denied the motion for reconsideration, finding Kramer "failed to establish any 'new or different facts, circumstances, or law.' [Citation.] Relief from default pursuant to equitable grounds is not new law, and could have been made in the prior motion." The trial court further stated that "even if reconsidered, the motion would be denied."

On March 30, 2022, Kramer filed a notice of appeal from "the Judgment of March 1, 2022, which was entered on March 1, 2022."

## DISCUSSION

### A.    *Appealability*

Kramer's notice of appeal purports to appeal from "the Judgment of March 1, 2022, which was entered on March 1, 2022." The only document in the record issued on March 1, 2022, however, is the trial court's order denying Kramer's motion for

4

reconsideration. The order denying the motion for reconsideration is not an appealable order. (*Reese v. Wal-Mart Stores, Inc.* (1999) 73 Cal.App.4th 1225, 1242.) The order denying the motion to set aside the dismissal, however, is appealable. (See *Generale Bank Nederland v. Eyes of the Beholder Ltd.* (1998) 61 Cal.App.4th 1384, 1394 ["'[I]n cases where the law makes express provision for a motion to vacate such as under . . . section 473, an order denying such a motion is regarded as a special order made after final judgment and is appealable under . . . section 9041, subdivision (b) [see now § 904.1, subd. (a)(2)]'"]; see also § 1008, subd. (g) ["An order denying a motion for reconsideration made pursuant to subdivision (a) is not separately appealable. However, if the order that was the subject of a motion for reconsideration is appealable, the denial of the motion for reconsideration is reviewable as part of an appeal from that order"].)

"Generally, we must liberally construe a notice of appeal in favor of its sufficiency. (Cal. Rules of Court, rules 8.100(a)(2), 8.405(a)(3).) A notice of appeal shall be "'liberally construed so as to protect the right of appeal if it is *reasonably clear* what [the] appellant was trying to appeal from, and where the respondent could not possibly have been misled or prejudiced.'"" (*In re J.F.* (2019) 39 Cal.App.5th 70, 75, original italics.) Accordingly, we exercise our discretion to construe the notice of appeal to include the order denying the motion to set aside the dismissal, and, in so doing, we review the order denying Kramer's motion for reconsideration. (§ 1008, subd. (g).)

We note an additional issue of appealability that has been ignored by the parties. The only order of dismissal in the record is the minute order dated January 11, 2019. There is no signed

order of dismissal in the record on appeal. (See § 581d [an order not signed by the trial court does not qualify as a judgment of dismissal].) Thus, it appears Kramer's motion to set aside the dismissal was technically premature in that there was no judgment yet to set aside. We are not required to dismiss the appeal, however. The merits of the appeal have been fully briefed by both parties and no prejudice to Accuride would result from considering the merits. "Under these circumstances, '[to] dismiss the appeal "merely to have a judgment formally entered below with a new appeal would be a useless waste of judicial and litigant time."'" (*Donohue v. State of California* (1986) 178 Cal.App.3d 795, 800.) Accordingly, we order the trial court to enter, nunc pro tunc as of the date of the minute order dismissing the complaint without prejudice, a signed order of dismissal, and we construe the notice of appeal to refer to such order. (See *ibid*.)

**B.    *The Trial Court Did Not Abuse its Discretion***

Turning to the merits of the appeal, Kramer contends the trial court abused its discretion by denying her motion for reconsideration of the order denying her motion to set aside the dismissal because: (1) a trial court may still set aside a dismissal on equitable grounds even if the motion is untimely under section 473, subdivision (b); and (2) her counsel was unable to obtain a declaration from his treating doctor regarding his cancer diagnosis and treatment until after she filed the motion to set aside the dismissal. We agree with the trial court that neither of these points constitute new or different law or facts.

As noted above, a motion for reconsideration of a prior order under section 1008, subdivision (a), must be based on "new or different facts, circumstances, or law." A party seeking

reconsideration must also provide "a satisfactory explanation for the previous failure to present the allegedly new or different evidence or legal authority offered in the second application." (*Kerns v. CSE Ins. Group* (2003) 106 Cal.App.4th 368, 383.) Here, Kramer's reconsideration motion consisted of a belated legal argument, i.e., that her motion to set aside the default was timely (even though it was filed more than six months after the dismissal) because a trial court may still vacate a default on equitable grounds even if statutory relief under section 473, subdivision (b) is unavailable. That a party may seek relief from default on equitable grounds more than six months after the dismissal, however, is not new law. (See *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981 ["After six months from entry of [dismissal], a trial court may still vacate a [dismissal] on equitable grounds even if statutory relief is unavailable. . . . [¶] One ground for equitable relief is extrinsic mistake–a term broadly applied when circumstances extrinsic to the litigation have unfairly cost a party a hearing on the merits"].) Thus, Kramer could have, and should have, made the argument in her original motion to set aside dismissal.[4]

Moreover, Kramer failed to establish why she could not obtain the declaration from her counsel's treating doctor

_____

4    We agree with the trial court that, even if it were to consider Kramer's argument that the motion to set aside dismissal should have been granted on the ground of extrinsic mistake, Kramer's argument fails because neither her motion for reconsideration nor her motion to set aside the dismissal demonstrates (or even attempts to demonstrate) that she has a meritorious case—an element that must be satisfied to set aside a dismissal based on extrinsic mistake. (See *Aldrich v. San Fernando Valley Lumber Co.* (1985) 170 Cal.App.3d 725, 738.)

regarding his cancer diagnosis and treatment at the time of the motion to set aside the dismissal. Even if she could, however, nothing in the declaration supports granting the motion for reconsideration. The motion to set aside the default was still untimely under section 473, subdivision (b)—the only ground on which Kramer sought to set aside the dismissal in her original motion. And, even if the trial court were to consider the declaration, nothing in it explains Kramer's failure to appear for three years. Rather, the declaration merely states that Kramer's counsel requires treatment that will "require some absences from his practice" and he will "not be physically capable of continuing to practice law full time and needs to make other arrangements at this time for representation on his cases so that he can continue to obtain necessary medical treatment."

Accordingly, we conclude Kramer failed to make the showing required to warrant reconsideration, and the trial court properly denied her motion.

## DISPOSITION

The trial court is directed to enter, nunc pro tunc as of January 11, 2019, a signed order dismissing the action without prejudice. That dismissal order is affirmed, as well as the orders denying Kramer's motion to set aside the dismissal and motion for reconsideration. Accuride is awarded its costs on appeal.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

CURREY, Acting P. J.

We concur:

COLLINS, J.

ZUKIN, J.*

---

\*    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to Article VI, section 6, of the California Constitution.

9