[No. E036598. Fourth Dist., Div. Two. June 30, 2005.]

APRIL FLORIO, Plaintiff and Respondent, v.
CITY OF ONTARIO, Defendant and Appellant.

**COUNSEL**

Filarsky & Watt and Steve A. Filarsky for Defendant and Appellant.

Lackie & Dammeier, Dieter C. Dammeier, Michael A. Morguess and Michael A. McGill for Plaintiff and Respondent.

**OPINION**

**GAUT, J.—**

### 1.   Introduction

The City of Ontario appeals a judgment in favor of April Florio. Florio, a former Ontario employee, challenged a provision of the memorandum of understanding (MOU) between the city and the San Bernardino Public Employees Association (SBPEA) requiring the city and the employee share

equally the cost of a hearing officer in an employee's appeal. The trial court held the cost-sharing provision was unconstitutional and ordered Florio be reimbursed for her share of the cost of an appeal.

■ We agree the cost-sharing provision is unconstitutional and its unconstitutionality was not contractually waived by the MOU. We affirm the judgment.

## 2. Factual and Procedural Background

Florio was a police dispatcher. After the city terminated her employment on December 19, 2002, she appealed the termination. Article 7.1.E.5 of the MOU states: "The cost of the Hearing Officer's services shall be shared equally between the City and the appellant." After four days of hearing, the hearing officer found in favor of the city and against Florio. She had to pay $3,290 as her share of the cost of the hearing. Florio then filed a complaint for damages seeking recovery of the $3,290, an injunction against the city enforcing the sharing provision, and a petition for writ of mandate. The trial court granted the petition.

## 3. Discussion

The principal issue is whether the cost-sharing provision is unconstitutional. The secondary issue is whether, if it is unconstitutional, the unconstitutionality can be contractually waived in the MOU. The city also argues Florio did not comply with the Tort Claims Act and that laches should bar Florio's complaint because she did not raise her objection to the cost-sharing provision until after she lost the hearing.

### Constitutionality of the Cost-sharing Provision

In *California Teachers Assn. v. State of California* (1999) 20 Cal.4th 327 [84 Cal.Rptr.2d 425, 975 P.2d 622] (*CTA*), the California Supreme Court held unconstitutional the cost-sharing provision of Education Code section 44944, requiring a teacher to pay one-half the cost of an administrative law judge if the teacher lost a hearing regarding a threatened suspension or dismissal. Florio maintains the MOU's cost-sharing provision is similarly unconstitutional. We agree, adopting *CTA*'s analysis.

■ In *CTA*, the cost-sharing arrangement was deemed constitutionally uncertain because the teacher paid half the costs only if he or she lost the hearing. In the present case, the cost is shared notwithstanding the outcome. But the city is wrong to assert that "everyone knows going in what the costs will be irrespective of who wins." Certainly the cost of the hearing officer

will differ based on whether the hearing lasts one day or one week. The "chilling effect of [the] barrier" (*CTA, supra,* at p. 351) erected by the cost-sharing provision is still uncertain and therefore significant. Especially "when an employer imposes mandatory arbitration as a condition of employment, the arbitration agreement or arbitration process cannot generally require the employee to bear any *type* of expense that the employee would not be required to bear if he or she were to bring the action in court." (*Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 110–111 [99 Cal.Rptr.2d 745, 6 P.3d 669].)

█ Nor are we persuaded a distinction exists between paying for an administrative law judge and paying for a hearing officer because, as the city phrases it, the latter is "not akin to a judge in a 'court of record.' " The administration of an administrative appeal is a quasi-judicial function. (*CTA, supra,* 20 Cal.4th at p. 337; *Lacy St. Hospitality Serv., Inc. v. City of Los Angeles* (2004) 125 Cal.App.4th 526, 530 [22 Cal.Rptr.3d 805].) It cannot be inhibited by the imposition of unconstitutional costs.

The city also tries to argue there is no evidence the MOU's cost-sharing provision discourages hearing requests, another concern of *CTA, supra,* 20 Cal.4th at page 341. But the city candidly admits: "The MOU is an attempt to reduce those costs in the more egregious cases by encouraging employees who suspect they are likely to lose their challenges to accept the City's decision to seek a settlement, rather than delay termination through administrative and subsequent judicial appeals." In other words, the cost-sharing provision is expressly designed to dissuade hearing requests even if it did not succeed in this particular instance.

█ In another effort to defeat the constitutional invalidity of the cost-sharing provision, the city relies on it being contractual, rather than statutory, in nature. The city asserts that the constitutionality may be waived as part of the collective bargaining process by the employee's union. This effort fails for the reasons discussed in *Phillips v. State Personnel Bd.* (1986) 184 Cal.App.3d 651, 659–660 [229 Cal.Rptr. 502], disapproved on another ground in *Coleman v. Department of Personnel Administration* (1991) 52 Cal.3d 1102, 1123, footnote 8 [278 Cal.Rptr. 346, 805 P.2d 300]:

"The issue evolves into whether the union may waive the due process rights of its members. On the one hand, it is a basic principle of a collective bargaining system . . . that a member of a bargaining unit is bound by the terms of a valid collective bargaining agreement, though he is not formally a party to it and may not even belong to the union which negotiated it. [Citation.] . . .

"On the other hand, collective bargaining agreements may not contain provisions abrogating employees' fundamental constitutional rights [citations]

or their rights under a federal statute. (*Barrentine v. Arkansas-Best Freight System* (1981) 450 U.S. 728, 740 [67 L.Ed.2d 641, 101 S.Ct. 1437]; *Alexander v. Gardner-Denver Co.* (1974) 415 U.S. 36, 51 [39 L.Ed.2d 147, 94 S.Ct. 1011].)

■ "In *Alexander v. Gardner-Denver Co., supra,* 415 U.S. 36, the Supreme Court acknowledged that a union may waive certain statutory rights related to the collective activity, such as the right to strike, because such rights are conferred on employees collectively to foster the processes of bargaining. The right properly may be exercised or relinquished by the union as a collective-bargaining agent to obtain economic benefits for union members. An individual's right to equal employment opportunities, the court explained, stands on plainly different grounds; it concerns not majoritarian processes, but an individual's absolute right to be free from discriminatory practices. Therefore, the court concluded, an employee's rights in this regard cannot be prospectively waived by a collective bargaining agreement. (*Id.* at pp. 51–52.)

■ "We conclude that though the parties to a collective bargaining agreement may supplant existing procedures by which employees are disciplined or discharged, an employee's right to due process cannot be waived in a collective bargaining agreement. The procedures adopted in the agreement must comport with the requirements of due process." (*Phillips v. State Personnel Bd., supra,* 184 Cal.App.3d at pp. 659–660.)

In the present case, Florio's due process rights include the right to have a meaningful hearing without having to pay for it. (*CTA, supra,* 20 Cal.4th at pp. 335–337, 357.) *Armendariz,* which did not involve a collective bargaining agreement, does not suggest a different conclusion when it makes a distinction between what is acceptable as between predispute and postdispute employment arbitration agreements. (*Armendariz v. Foundation Health Psychcare Services, Inc., supra,* 24 Cal.4th at p. 112.) At issue is a predispute collective bargaining agreement. The employee association cannot bargain to have the employee pay half the cost of the arbitration.

In response, the city relies primarily on *Armstrong v. Meyers* (9th. Cir. 1992) 964 F.2d 948, in which a discharged public employee challenged a collective bargaining agreement giving the union exclusive control over the decision to appeal the discharge in a posttermination arbitration hearing. (*Id.* at p. 949.) The court held that, even if the union refused to pursue arbitration, the union's duty of fair representation adequately protected the employee's due process rights. This court reached the same conclusion involving similar facts in *Jones v. Omnitrans* (2004) 125 Cal.App.4th 273 [22 Cal.Rptr.3d 706].

The differences, however, between *Armstrong, Jones,* and the present case are that the former cases involve, not only a collective bargaining agreement, but most importantly the exclusive right of representation by the union and the union's duty of fair representation. As this court recognized in *Jones v. Omnitrans, supra,* 125 Cal.App.4th at pages 281–282: "A central feature of the majority of collective bargaining agreements is a process for the resolution of disputes between employers and employees, and there is a strong public and private interest in maintaining an *effective* grievance process to settle such disputes. [Citation.] Union discretion in determining which grievances to arbitrate is essential to the functioning of the collective bargaining system. [¶] . . . [¶] . . . our courts recognize the importance of allowing unions discretion in deciding which grievances have sufficient merit to be taken to arbitration." Furthermore, an employee is protected by the availability of recourse for a breach of the union's duty of fair representation. (*Id.* at p. 283.)

The present case is not concerned with the union's exclusive authority to represent its members in arbitration or the union's corresponding duty of fair representation. The factors that led the courts in *Armstrong* and *Jones* to decide a union may bargain to be the sole decision maker as to whether to arbitrate an employee's claim are not pertinent to the analysis of whether an employee can be required by the collective bargaining agreement to pay half the costs of arbitration.

■ We reject the city's contention that Florio's section 1983 claim (federal Civil Rights Act, 42 U.S.C. § 1983) is subject to the claims-presentation requirement of the California Tort Claims Act. (Gov. Code, § 900 et seq.) A section 1983 claim against a public entity need not be presented to the public entity before filing suit in state or federal court. As recently discussed by the California Supreme Court: "[I]n *Williams v. Horvath* (1976) 16 Cal.3d 834 [129 Cal.Rptr. 453, 548 P.2d 1125] . . . we held that the claim presentation requirement 'is inoperative in an action brought under' 42 United States Code section 1983." (*State of California v. Superior Court* (2004) 32 Cal.4th 1234, 1240 [13 Cal.Rptr.3d 534, 90 P.3d 116]; see *Felder v. Casey* (1988) 487 U.S. 131, 134 [101 L.Ed.2d 123, 108 S.Ct. 2302].)

■ We also decline the city's laches defense. Laches requires unreasonable delay combined with acquiescence in the act about which plaintiff complains or prejudice to the defendant resulting from the delay. (*Johnson v. City of Loma Linda* (2000) 24 Cal.4th 61, 68 [99 Cal.Rptr.2d 316, 5 P.3d 874], citing *Conti v. Board of Civil Service Commissioners* (1969) 1 Cal.3d

351, 359 [82 Cal.Rptr. 337, 461 P.2d 617].) No unreasonable delay occurred here where Florio filed her combined complaint and petition only two months after receiving the bill for the hearing officer, the first occasion on which she knew its exact cost. Nor can she be said to have acquiesced to the cost-sharing provision because she chose to proceed with the hearing on her termination. Her challenge to the provision is separate from her right to a hearing and should not have been allowed to delay the hearing. Finally, the city has not identified any prejudice suffered due to Florio raising her challenge after the hearing concluded.

## 4. Disposition

We affirm the judgment and order Florio to recover her costs on appeal.

Hollenhorst, Acting P. J., and King, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 26, 2005. Chin, J., was of the opinion that the petition should be granted.