[No. E042725. Fourth Dist., Div. Two. Apr. 2, 2008.]

JOSE SOTO, Plaintiff and Respondent, v.
COUNTY OF RIVERSIDE, Defendant and Appellant.

COUNSEL

Kinkle, Rodiger & Spriggs, Bruce E. Disenhouse; Arias & Lockwood and Christopher D. Lockwood for Defendant and Appellant.

Lackie & Dammeier, Dieter C. Dammeier and Michael A. McGill for Plaintiff and Respondent.

OPINION

**RAMIREZ P. J.**—Defendant County of Riverside (County) challenges the trial court's judgment after an order granting plaintiff Jose Soto's (Soto) motion for summary judgment on a writ of mandate. The judgment (1) declares unconstitutional the provision in a memorandum of understanding requiring a disciplined employee to pay for half of the hearing costs for an administrative appeal if the employee pursues the appeal through privately retained counsel rather than through the union; (2) orders the County to provide all employees who appeal disciplinary actions under the memorandum of understanding a due process hearing free of monetary expense to the employees; and (3) orders the County to reimburse plaintiff for the hearing costs he was improperly required to pay. We conclude that the cost-sharing provision is unconstitutional under established case law. However, because the judgment drafted by the County and signed by the trial court does not accurately reflect the issues litigated, we reverse the judgment and direct the parties to present to the trial court for approval and entry a corrected order and corrected judgment.[1]

STATEMENT OF FACTS

On October 5, 1999, Soto was terminated from his employment with the County as a supervising deputy coroner. On October 18, 1999, Soto's union, the Riverside Sheriff's Association (RSA), filed an appeal on his behalf. The appeal requested binding arbitration under article X, section 10A of the memorandum of understanding between the County and the RSA (RSA MOU). Soto pursued the appeal through a private attorney rather than through RSA. On November 21, 2000, the County's attorney wrote a letter to Soto's attorney stating that "the MOU" required Soto to deposit with the County one-half of the estimated hearing costs prior to the arbitration hearing. On December 19, 2000, Soto's attorney responded in a letter saying that Soto would prepay the costs under protest in order to get the arbitration

---

[1] Please see the corrected order and corrected judgment filed with the Court of Appeal on February 8, 2008.

moving along, although he believed the requirement was unconstitutional under *California Teachers Assn. v. State of California* (1999) 20 Cal.4th 327 [84 Cal.Rptr.2d 425, 975 P.2d 622] (*CTA*).

After the hearing, the arbitrator issued an opinion and award favorable to Soto. Soto's share of the hearing costs totaled $1,875. On August 23, 2002, the arbitrator issued a revised opinion and award, for which Soto paid his share of $562.50.

On May 2, 2002, Soto filed a complaint for damages and injunctive relief with the superior court challenging the cost-sharing provision. On January 15, 2003, Soto filed a first amended complaint to include the amount he paid for the revised opinion and award. On June 12, 2003, Soto filed a second amended complaint that included a prayer for declaratory relief, declaring unconstitutional and/or unlawful the County's resolutions and collective bargaining agreements that compel County workers who are not represented by their union in pursuing disciplinary appeals to pay one-half of the arbitrator fees. The County answered the second amended complaint on June 30, 2003.

On November 17, 2006, Soto filed a motion for summary judgment. Soto argued that there were no triable issues of material fact and that, as a matter of law, the cost-sharing provision in the RSA MOU was unconstitutional under *CTA*.

Soto also asked the court to take judicial notice of two documents attached to the motion: the RSA MOU and a memorandum of understanding between the Riverside County Law Enforcement Management Union (LEMU) and the County (LEMU MOU). As the County points out in its opening brief, the cost-sharing provisions in both documents are essentially identical.

The County filed its opposition on January 19, 2007. The County argued that the cost-sharing provision was not like that in any of the cited cases. This is because employees like Soto have the option to have the union represent them in the administrative appeal and bear the employee's share of the arbitration costs. However, the County argues, Soto voluntarily chose to proceed with his appeal using his own counsel and thus fell outside of the free hearing procedures because of his own actions. Soto filed his reply on February 2, 2007. Soto admitted that he voluntarily chose to have private counsel, rather than the union, pursue the appeal. However, he argued that, under current case law, the cost-sharing provisions providing a free hearing if he proceeds through the union but requiring him to pay half the hearing costs if he proceeds through retained counsel are unconstitutional because they do not have a real and substantial relation to a proper goal.

The trial court granted the motion for summary judgment in February 2007. In the judgment that the court eventually signed on May 30, 2007 (see below for explanation), it: (1) declared unconstitutional section 14 of article XII of the RSA MOU, which the judgment said contained the cost-sharing provision; (2) issued an injunction requiring the County to provide arbitration hearings under the RSA MOU free of monetary expense to employees; (3) ordered the County to reimburse Soto for the arbitration fees he had paid; and (4) awarded Soto his costs and attorney fees to be determined.

On March 20, 2007, the County filed its notice of appeal. This court notified the County that the documents it had submitted, entitled "peremptory writ of mandamus" and "judgment granting peremptory writ of mandate" were not signed by the trial court and thus were not appealable. On June 12, 2007, the County submitted a valid judgment that had been signed by the trial court on May 30, 2007. At oral argument, counsel for the County requested to file a "corrected order" and "corrected judgment" as supplemental letter briefs. This court granted that request by order dated February 8, 2008. Soto declined to file a respondent's supplemental letter brief. The corrected order and corrected judgment clarify that (1) the trial court's judgment applies to both the RSA MOU and the LEMU MOU; and (2) the judgment applies only to the fees paid to the arbitrator in the administrative appeal.

DISCUSSION

### 1. *Standard of Review*

"The purpose of a motion for summary judgment is 'to discover whether the parties possess evidence requiring the fact-weighing procedures of a trial. [Citations.]' " (*City of Oceanside v. Superior Court* (2000) 81 Cal.App.4th 269, 273 [96 Cal.Rptr.2d 621].) A trial court properly grants summary judgment where no triable issue of material fact exists and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) We review the trial court's decision to grant summary judgment de novo. (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476 [110 Cal.Rptr.2d 370, 28 P.3d 116].) "The trial court's stated reasons for granting summary judgment are not binding on us because we review its ruling, not its rationale." (*Kids' Universe v. In2Labs* (2002) 95 Cal.App.4th 870, 878 [116 Cal.Rptr.2d 158].)

### 2. *Fees for Disciplinary Appeals*

The County contends the trial court erred when it declared the cost-sharing provisions unconstitutional. This is because, the County argues, the RSA MOU still allows disciplined employees to have a hearing paid for by the

union should they choose to have the union represent them in the administrative appeal. The County stresses that the provisions merely "give union employees the *additional option* of a disciplinary appeal hearing at which the employee is represented by private counsel rather than by the union," the consequence of which option is that the employee must pay for half the hearing costs.

■ This case is governed by the California Supreme Court's analysis in *CTA.* The court in that case found unconstitutional the cost-sharing provision in a section of the Education Code that required a teacher challenging a threatened suspension or dismissal to pay one-half the cost of an administrative hearing if the teacher lost the hearing. The court in *CTA* determined the validity of the cost-sharing statute using the test set forth in *Coleman v. Department of Personnel Administration* (1991) 52 Cal.3d 1102 [278 Cal.Rptr. 346, 805 P.2d 300]: in order to comply with the requirements of procedural due process, the imposition of a cost on the exercise of the right to a hearing must have a "real and substantial relation to a proper legislative goal." (*CTA, supra,* 20 Cal.4th at p. 338, citing *Coleman, supra,* at p. 1125.) In *CTA,* the goal identified by the state was to conserve public resources by discouraging "meritless" or "groundless" administrative appeals. The court interpreted this statement of the statute's purpose to mean discouraging hearing requests in which the employee merely happens not to prevail or whose position is, in the end, determined to be without merit. The court concluded that a legislative goal of discouraging administrative appeals is proper only as applied to "patently meritless" or "frivolous" appeals. The court defined such appeals as appeals prosecuted for an improper purpose or when " 'any reasonable attorney would agree that the appeal is totally and completely without merit,' " rather than simply appeals involving "colorable claims" that are ultimately found to be without merit. (*CTA, supra,* at p. 340.)

Here, the County does not anywhere in its appellate briefs proffer a legitimate purpose or goal behind requiring members of the RSA to pay one-half of the hearing costs when they pursue an administrative appeal without being represented by the union. Neither does either MOU provide any answers to this most critical question. However, in its response to Soto's motion for summary judgment in the trial court, the County asserted that "the purpose of the cost sharing provision is to encourage public employees to allow their Union to represent them in the grievance process in order to effectively maintain the grievance/arbitration process to settle disputes between the County and its employees." The County rephrased this purpose as being "to support the valid and important interest of maintaining an effective and efficient system of settling disputes between [the County] and its employees." Also in its response, the County denied Soto's assertion in his

motion that the purpose of the cost-sharing provision is to "discourage all hearings altogether where the employee is not being represented by the Union in an appeal."

The County's allusion in the trial court to maintaining an effective and efficient system of settling disputes refers to two cases that uphold the constitutionality of a provision in a collective bargaining agreement or memorandum of understanding that appoints the union as the employee's exclusive representative in determining whether to pursue arbitration. In *Armstrong v. Meyers* (9th Cir. 1992) 964 F.2d 948 (*Armstrong*), the Ninth Circuit upheld an exclusive representation provision as permissible under due process standards because of the public and private interests in effectively and economically resolving employment disputes.[2] In *Jones v. Omnitrans* (2004) 125 Cal.App.4th 273 [22 Cal.Rptr.3d 706] (*Jones*), this court upheld the provision in a memorandum of understanding that resulted in the employer having no duty to arbitrate an employee's grievance, including in cases of termination, in the absence of a request from the union. We concluded that this provision afforded the employee adequate due process because, as the "employee's exclusive representative with respect to determining whether to pursue the grievance to arbitration . . . the union had a duty of fair representation and could not make that determination arbitrarily, discriminatorily or in bad faith." (*Id.* at p. 284.) In doing so, we acknowledged the reasoning in *Armstrong* that "there is a strong public and private interest in maintaining an *effective* grievance process to settle such disputes." (*Jones, supra*, at p. 281.)

■ However, unlike in *Jones*, the union here is not the exclusive representative with respect to whether to pursue arbitration, and so does not necessarily have a duty of fair representation. In any case, this court in *Florio v. City of Ontario* (2005) 130 Cal.App.4th 1462 [30 Cal.Rptr.3d 841] (*Florio*), specifically separated the cost-sharing issue from the subject of whether a collective bargaining agreement can constitutionally grant a union exclusive authority to represent its members in arbitration. In concluding that a cost-sharing requirement for arbitration in a memorandum of understanding is unconstitutional, we stated: "The present case is not concerned with the union's exclusive authority to represent its members in arbitration or the union's corresponding duty of fair representation. The factors that led the courts in *Armstrong* and *Jones* to decide a union may bargain to be the sole decision maker as to whether to arbitrate an employee's claim are not

---

[2] The County's stated purpose of "maintaining an effective and efficient system of settling disputes" between employer and employee is a direct paraphrase of *Armstrong, supra*, 964 F.2d at page 951.

pertinent to the analysis of whether an employee can be required by the collective bargaining agreement to pay half the costs of arbitration." (*Id.* at p. 1468.)

In *Florio,* as we do in this case, this court followed the reasoning set forth in *CTA*—that the restriction of employees' due process rights must have a real relation to a proper goal. Like the cost-sharing provision in *Florio*, which did not pass this test, neither do the provisions here. The cost-sharing provisions in the RSA and LEMU MOU's impose a disincentive to an employee in the exercise of a due process right, at least if not represented by the union. We conclude here, as we did in *Florio,* that the factors leading to the decisions in *Armstrong* and *Jones* (that is, the values of maintaining an efficient grievance procedure, which the County proffered in the trial court as rationale for the cost-sharing provision) are simply not relevant to whether an employee may be required to pay half the costs of arbitration. This is true whether or not the union represents the employee in the arbitration and whether or not that choice is freely made by the employee, i.e., not forced upon the employee when the union declines to pursue the arbitration.

■ We agree with Soto that the County has a constitutional obligation, as recognized in *CTA* and *Florio,* to provide him with a due process hearing from his termination without requiring that he pay one-half the costs of arbitration. Under the RSA and LEMU MOU's, the County still requires that the aggrieved employee pay one-half the costs of a disciplinary appeal under some circumstances. This practice is clearly unconstitutional under *CTA* and *Florio.*

### 3. *Facial vs. "As Applied" Challenges*

The County in its opening brief sets forth the law on the difference between facial and "as applied" challenges. In doing so, the County asserts that Soto's "declaration only addressed the fees that he paid for the disciplinary appeal hearing. There was no mention of a grievance hearing and no mention of any expenses other than the fees for the hearing officer." After rereading this section several times, this court is not certain what legal argument the County is making. To the extent that the County argues that Soto presented evidence regarding the invalidity of the cost-sharing provision only as it specifically applies to him and his particular situation (i.e., an "as applied" challenge), we disagree. Soto argued and presented evidence that the cost-sharing provisions are facially invalid. He did so by arguing and showing that any time any member of the RSA chooses to pursue an administrative appeal of a disciplinary action using their own attorney, the RSA and LEMU MOU's impose an unconstitutional cost-sharing requirement.

## Disposition

The judgment is reversed. The parties are directed to present to the superior court for approval and entry the corrected order and corrected judgment as referenced in footnote number one, *post*.

Hollenhorst, J., and Richli, J., concurred.