Filed 10/24/22  Asbury v. City of Ukiah CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JAMES ASBURY,<br>        Plaintiff and Appellant,<br>v.<br><br>CITY OF UKIAH,<br>        Defendant and Respondent. | A164615<br><br>(Mendocino County<br>Super. Ct. No. 21CV00519) |

James Asbury sued the City of Ukiah (City) for negligence.  The trial court sustained the City's demurrer without leave to amend on the ground of noncompliance with the claim presentation requirements of the Government Claims Act (Gov. Code, § 810 et seq.; Act).[1]  We affirm.

**BACKGROUND**

On July 17, 2020, Asbury and City employee Thomas Sheffer went to the City's wastewater treatment facility on Sheffer's invitation.  Sheffer got

---

[1] Undesignated statutory references are to the Government Code. In the interest of judicial efficiency and lacking prejudice to the City, we deem the order — which is not appealable — to incorporate a judgment of dismissal,  and we construe the notice of appeal as encompassing the judgment. (*O'Grady v. Merchant Exchange Productions, Inc.* (2019) 41 Cal.App.5th 771, 776, fn. 3.)  In reciting the factual background, we accept as true the well-pled allegations of the operative complaint (*2710 Sutter Ventures, LLC v. Millis* (2022) 82 Cal.App.5th 842, 850), and we recite only those facts necessary to resolve the appeal.

1

into the driver's seat of an all-terrain vehicle (ATV) owned by the City. Asbury sat in the passenger seat, where the seat belt was caked with mud and did not fasten properly. Sheffer drove at an unsafe speed; as he made a sudden turn, the ATV rolled over, and Asbury was ejected and suffered serious injuries. Sheffer was fired and charged with several crimes, including driving under the influence of alcohol causing injury.

On July 14, 2021 — almost a year later — Asbury filed a complaint against the City alleging a negligence cause of action. He also contemporaneously lodged with the superior court a "Claim For Money Or Damages Against The City Of Ukiah" (claim) with the word "Amended" handwritten above the title. (Notwithstanding the "amended" designation, there was no initial claim.) Asbury served the City with the complaint and claim about a week later. In mid-September, the City demurred, asserting the complaint failed to allege compliance with the Act's claim presentation requirements. The City noted the claim — lodged more than six months after the incident — was untimely, and it was not presented to the City before the complaint was filed. Thus, the complaint failed to state a cause of action against the City. The trial court agreed and sustained the demurrer with leave to amend as to the presentation requirements.

Asbury filed a first amended complaint (amended complaint) alleging he served the City with the initial complaint and the claim in July 2021, and by failing to notify him of the defects in the claim, the City waived any defense based on his failure to comply with the claim presentation requirements. He also alleged the City had actual notice of the incident as it had terminated Sheffer's employment. Again the City demurred, arguing the amended complaint failed to allege facts demonstrating compliance with the presentation requirements. The City offered a declaration from the City

2

clerk stating Asbury did not present a claim to the City before filing the lawsuit.

Over Asbury's opposition, the trial court sustained the demurrer without leave to amend. It concluded Asbury had not alleged compliance with the claim presentation requirements, which require a claim "be filed and served on the public entity prior to filing any action." The reason for these requirements, the court explained, was "obvious. The public entity needs to be put on notice of the claim, have an opportunity to investigate the claim, and accept or reject the claim. If rejected, the [plaintiff] then can file his action." By filing the claim with the court — and serving it on the City together with the complaint — Asbury prevented the City from reviewing the claim and deciding whether to accept or reject it. The court also determined the claim was untimely and Asbury "failed to avail himself of the appropriate procedures to file a 'late' claim." Finally, the court found no reasonable possibility these defects could be cured by an additional amendment.

## DISCUSSION

The Act establishes conditions precedent to the filing of lawsuits against public entities. (*J.J. v. County of San Diego* (2014) 223 Cal.App.4th 1214, 1219.) Subject to exceptions not relevant here, a plaintiff must present a claim for "money or damages" — which includes a personal injury claim arising from negligence — to the public entity no later than six months after the cause of action accrues. (§§ 905, 911.2, subd. (a); *State of California v. Superior Court* (2004) 32 Cal.4th 1234, 1239.) The purpose of this requirement is to allow the entity to investigate the claim and, if appropriate, settle it without litigation. (*Simms v. Bear Valley Community Healthcare Dist.* (2022) 80 Cal.App.5th 391, 397.) The claim must be presented to the entity by delivering or mailing it to the entity's clerk, secretary, or auditor.

3

(§ 915, subds. (a)(1)–(2).)  Only after the entity has acted on — or has deemed to have rejected — the claim may the plaintiff file a lawsuit alleging a tort cause of action.  (*J.J.*, at p. 1219.)

Compliance with the claim presentation requirements is mandatory (*Castaneda v. Department of Corrections & Rehabilitation* (2013) 212 Cal.App.4th 1051, 1061), even when the public entity has actual knowledge of the circumstances of the claim.  (*J.J. v. County of San Diego, supra,* 223 Cal.App.4th at p. 1219.)  Failure to timely present a claim bars the plaintiff from filing a lawsuit against the entity.[2]  (*Ibid.*)  A complaint that fails to allege facts demonstrating or excusing compliance with the presentation requirements is vulnerable to a demurrer.  (*Lowry v. Port San Luis Harbor Dist.* (2020) 56 Cal.App.5th 211, 218.)

The trial court concluded the lawsuit was barred by Asbury's failure to comply with the claim presentation requirements.  Reviewing the order de novo, we find no error.  (*2710 Sutter Ventures, LLC v. Millis, supra,* 82 Cal.App.5th at p. 850.)  Asbury's negligence cause of action accrued on July 17, 2020, when the incident occurred.  (*Goldrich v. Natural Y Surgical Specialties, Inc.* (1994) 25 Cal.App.4th 772, 778–779.)  He had six months from that date to present a claim.  The deadline came and went — Asbury did not present a claim.  Indeed, Asbury never properly presented a claim at all.  Lodging the claim with the superior court did not satisfy the presentation requirements because the county superior court and the City are separate

---

[2] A plaintiff who has failed to present a claim during the six-month period may make "a written application . . . to the public entity for leave to present that claim."  (§ 911.4, subd. (a).)  The application must be made "within a reasonable time not to exceed one year after the accrual of the cause of action and shall state the reason for the delay in presenting the claim."  (*Id.*, subd. (b).)  Asbury did not avail himself of this procedure.

4

and distinct entities; the superior court is not a statutorily designated recipient for claims against the City. (See *DiCampli-Mintz v. County of Santa Clara* (2012) 55 Cal.4th 983, 989, 991; *Westcon Construction Corp. v. County of Sacramento* (2007) 152 Cal.App.4th 183, 203–204.) The City eventually received the claim on July 22, 2021 — well beyond the six-month deadline — when Asbury served the City with the complaint and the claim. By serving the claim contemporaneously with the complaint, Asbury deprived the City of an opportunity to investigate the dispute and settle it without litigation. (See *Lowry v. Port San Luis Harbor Dist.*, *supra*, 56 Cal.App.5th at pp. 219–221; *J.J. v. County of San Diego*, *supra*, 223 Cal.App.4th at p. 1219.)

Asbury does not argue to the contrary. Instead, he insists the City waived this defense by failing to timely notify him of the deficiencies in the claim pursuant to sections 910.8 and 911.3. Section 910.8 requires the board of a public entity or its designee to give written notice of a defective claim within 20 days after the claim is presented; failure to do so waives the defect. (§ 911.) Section 911.3 requires the board or its designee to give written notice the claim is untimely within 45 days after the claim is presented, else a timeliness defense is waived. These statutes do not assist Asbury. Asbury never presented a claim to the City prior to initiating litigation; accordingly, the City was not required to notify him of the claim's deficiencies or untimeliness before filing a demurrer. (See *Castaneda v. Department of Corrections & Rehabilitation*, *supra*, 212 Cal.App.4th at p. 1069.) The City raised the claim presentation requirement defense "at the earliest opportunity by demurring to the complaint on that ground." (*Donohue v. State of California* (1986) 178 Cal.App.3d 795, 805; see also *City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 746 [no waiver where public entity

5

raised presentation defense on demurrer]; *Lowry v. Port San Luis Harbor Dist., supra,* 56 Cal.App.5th at p. 221 [defendant timely asserted defense in its responsive pleading].)

We conclude the trial court properly determined the lawsuit is barred by Asbury's failure to comply with the claim presentation requirements. We therefore need not decide whether the amended complaint states a cause of action for negligence, and we reject Asbury's suggestion that his failure to comply with the presentation requirements may be excused because the City had actual notice of the incident. Likewise, we do not consider whether leave to amend should have been granted because Asbury does not raise the issue. (*California Business & Industrial Alliance v. Becerra* (2022) 80 Cal.App.5th 734, 741.)

## DISPOSITION

The order sustaining the demurrer to the amended complaint without leave to amend is affirmed. The parties are to bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

_____
Rodríguez, J.

WE CONCUR:

_____
Tucher, P. J.

_____
Petrou, J.

A164615